UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TINA BERTUCCIO,                                    )
                                                   )
                 Plaintiff,                        )
                                                   )    Case: 1:17-cv-00774          (F-Deck)
        v.                                         )    Assigned To : Unassigned
                                                   )    Assign. Date : 4/27/2017
DON CHRISTOPHER, *et al.*,                         )    Description: Pro Se Gen. Civil
                                                   )
                 Defendants.                       )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and

her *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by

*pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted

by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however,

must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239

(D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint

contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a

short and plain statement of the claim showing that the pleader is entitled to relief, and a demand

for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum

standard of Rule 8 is to give fair notice to the defendants of the claims being asserted such that

they can prepare a responsive answer, prepare an adequate defense, and determine whether the

doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint, as drafted, fails to meet the standard set forth in Rule 8(a).  There are so few factual allegations that neither the Court nor the defendants could identify a viable legal claim.  Nor does there appear to be a demand for relief, such as monetary damages, that the Court could award the plaintiff if she were to prevail.

The Court will dismiss the complaint and this civil action without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.

DATE:

4-11-17

_____
United States District Judge

J. Boasberg